J. A16044/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :      IN THE SUPERIOR COURT OF
                                  :                 PENNSYLVANIA
               v.              :
                                    :
NATHAN J. IZZARD,               :           No. 1090 EDA 2017
                                    :
             Appellant        :

Appeal from the PCRA Order, February 24, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0140681-1989

BEFORE: BENDER, P.J.E., LAZARUS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED AUGUST 07, 2018**

Nathan J. Izzard appeals ***pro se*** from the February 24, 2017 order dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely. After careful review, we affirm.

The relevant facts and procedural history of this case were summarized in the PCRA court's July 24, 2017 opinion and need not be reiterated here. (***See*** PCRA court opinion, 7/24/17 at 1.) In sum, on March 22, 1990, appellant was found guilty of first-degree murder and related offenses in connection with the shooting death of a 12-year-old boy and was sentenced to an aggregate term of life imprisonment. On February 1, 1994, a panel of this court affirmed appellant's judgment of sentence, and our supreme court denied ***allocator*** on August 24, 1994. ***Commonwealth v. Izzard***, 643 A.2d

704 (Pa.Super. 1994), *appeal denied*, 648 A.2d 787 (Pa. 1994). On January 16, 1997, appellant filed a *pro se* PCRA petition and counsel was appointed to represent him. The PCRA court ultimately dismissed appellant's petition on July 21, 2000. On April 9, 2002, a panel of this court affirmed the dismissal of appellant's petition, and our supreme court denied *allocator* on October 4, 2002. *Commonwealth v. Izzard*, 803 A.2d 793 (Pa.Super. 2002), *appeal denied*, 809 A.2d 902 (Pa. 2002). Appellant filed a second *pro se* PCRA petition on February 18, 2014, and counsel was again appointed to represent him. Counsel was granted permission to withdraw in accordance with *Turner*/*Finley*,[1] and the PCRA court dismissed appellant's petition on October 31, 2014.

On December 4, 2014, appellant filed yet another *pro se* PCRA petition styled as a "*Nunc Pro Tunc* Motion for Post Conviction Relief," raising a claim under *Alleyne v. United States*, 570 U.S. 99 (2013).[2] On December 11,

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[2] In *Alleyne*, the Supreme Court held that the Sixth Amendment requires that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 570 U.S. at 103 (citation omitted). We note that this court has expressly rejected the notion that judicial decisions constitute newly discovered facts that invoke the protections afforded by Section 9545(b)(1)(ii). *See Commonwealth v. Brandon*, 51 A.3d 231, 235 (Pa.Super. 2012) (holding that a judicial determination does not qualify as a previously unknown "fact" capable of triggering the timeliness exception set forth in Section 9545(b)(1)(ii) of the PCRA). Furthermore, courts in this Commonwealth have specifically recognized that *Alleyne* does not apply retroactively to cases on collateral review. *See Commonwealth v. Riggle*,

2015, appellant filed another "***Nunc Pro Tunc*** Motion for Post[-]Conviction Relief []" that references this court's decision in ***Commonwealth v. Newman***, 99 A.3d 86 (Pa.Super. 2014), ***appeal denied*** 121 A.3d 496 (Pa. 2015), and appears to amend the December 4, 2014 filing. Thereafter, on June 16, 2016, appellant filed an "Amended Petition for [PCRA]" which appears to be appellant's second amendment to his PCRA petition filed on December 4, 2014. On July 1, 2016, the PCRA court provided appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907. On July 19, 2016, appellant filed ***pro se*** "objections" to the PCRA court's Rule 907 notice, reiterating his claim that he was entitled to an evidentiary hearing due to the fact that the trial court's purported failure to issue a signed sentencing Order satisfied the "newly-discovered fact" exception to the PCRA time-bar. (***See*** "Objections to [Rule 907 Notice]," 7/19/16.) On August 24, 2016, appellant filed a fourth amendment to his petition, entitled "Amended Petition." As noted, on February 24, 2017, the PCRA court formally dismissed appellant's December 4, 2014 petition as untimely. This timely appeal followed.[3]

---

119 A.3d 1058, 1064 (Pa.Super. 2015) (stating that, "while this Court has held that ***Alleyne*** applies retroactively on direct appeal, we have declined to construe that decision as applying retroactively to cases during PCRA review").

[3] On March 20, 2017, the PCRA court ordered appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Appellant filed a timely ***pro se*** Rule 1925(b) statement on April 3, 2017. On July 24, 2017, the PCRA court filed its Rule 1925(a) opinion.

Appellant raises the following issue for our review:

> [Whether appellant's] Fifth, Sixth, and Fourteenth Amendment Rights to Due Process and Effective Performance of Counsel was (sic) Violated, where as the Failure of the Court to issue a signed Designation of Authority and or a Judgement of Sentencing Order that contains the Mandated Sentencing Codes Resulted in [appellant] Remaining Continuously Unsentenced years beyond the 90 days that a sentence must be imposed after a Conviction or the Entry of a Plea of guilty or Nolo Contendere and [trial] Counsel was Ineffective for failing to Preserve these Claims[?]

Appellant's brief at 10 (numeration, internal quotation marks, and citation omitted).

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted). Lastly, we note that, "[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant[.]"

*Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa.Super. 2005) (citation omitted).

Preliminarily, we must consider the timeliness of appellant's PCRA petition because it implicates the jurisdiction of this court and the PCRA court. *Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted). All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). If a PCRA petition is untimely, a court lacks jurisdiction over the petition. *Commonwealth v. Callahan*, 101 A.3d 118, 120-121 (Pa.Super. 2014).

As noted, a panel of this court affirmed appellant's judgment of sentence on February 1, 1994, and our supreme court denied allowance of appeal on August 24, 1994. *Commonwealth v. Izzard*, 643 A.2d 704 (Pa.Super. 1994), *appeal denied*, 648 A.2d 787 (Pa. 1994). Consequently, appellant's judgment of sentence became final on November 22, 1994, 90 days after our supreme court denied appellant's petition for allowance of appeal and the time for filing a petition for writ of *certiorari* with the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3). In order to comply with the filing requirements of the PCRA, appellant was required to file his petition by

November 22, 1995. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant filed the instant petition on December 4, 2014, more than 19 years past the deadline. As a result, this petition is patently untimely and the PCRA court lacked jurisdiction to review it, unless appellant alleged and proved one of the statutory exceptions to the time-bar set forth in Section 9545(b)(1).

To invoke an exception under Section 9545(b)(1), a petitioner must allege and prove:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). The appellant bears the burden of pleading and proving the applicability of one of these exceptions. ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (some citations omitted). "In addition, a petition invoking any of the timeliness exceptions must be filed within 60 days of the date the claim first could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

- 6 -

Instantly, we agree with the PCRA court that appellant has failed to properly plead and prove a valid statutory exception to the PCRA time-bar. As best we can discern from his *pro se* brief, the crux of appellant's argument is that: (1) the blanket designation of persons that were authorized to sign the written bill of information in this case constituted governmental interference; and (2) the purported failure of the trial court to sign the sentencing order satisfied the "newly-discovered fact" exception to the time-bar. (*See* appellant's brief at 10-13.) Appellant, however, fails to identify or describe any specific act of interference on the part of government officials with respect to the bill of information. Nor does appellant indicate exactly how this "unknown fact," namely, the trial court's purported failure to sign a sentencing order filed more than 20 years earlier, "could not have been ascertained by the exercise of due diligence." *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). Additionally, appellant has failed to specify exactly when he became aware of this alleged governmental inference or "new fact," despite the fact both the sentencing order and bill of information had been of record for over two decades at the time he filed his December 4, 2014 petition. Thus, appellant cannot establish that he brought these purported exceptions to the PCRA time-bar "within 60 days of the date the claim first could have been

presented[,]" as required by Section 9545(b)(2). **See** 42 Pa.C.S.A. § 9545(b)(2).[4]

Based on the foregoing, we agree with the PCRA court that appellant failed to satisfy any of the PCRA time-bar exceptions and that it lacked jurisdiction in this matter. (**See** PCRA court opinion, 7/24/17 at 3.) Accordingly, we discern no error on the part of the PCRA court in dismissing appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/18

---

[4] Moreover, to the extent appellant raises allegations of trial counsel's ineffectiveness in connection with his argument, **see** appellant's brief at 10, we note that, generally, claims of trial counsel ineffectiveness do not operate as an independent exception to the one-year jurisdictional time-bar of the PCRA. **See Commonwealth v. Breakiron**, 781 A.2d 94, 97 (Pa. 2001) (allegations of ineffective assistance of counsel will not circumvent the timeliness requirement of the PCRA); **Commonwealth v. Bennett**, 930 A.2d 1264, 1272-1273 (Pa. 2007) (holding that an allegation of PCRA counsel's ineffectiveness cannot be invoked as a "newly-discovered fact" exception to the PCRA time-bar, except where PCRA counsel abandons his client on appeal.)